VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00132



| | |
|---|---|
| Village of North Bennington, Plaintiff<br><br>v.<br><br>Edward Corey, Margaret Corey, Keith Corey,<br>Kenneth Corey and K&E Partnership, Respondents | **DECISION ON MOTION** |

This is a zoning enforcement action commenced by the Plaintiff, Village of North Bennington, against the above-named Respondents by complaint filed November 17, 2023. On June 10, 2024, during a status conference, counsel for the Plaintiff reported to the Court that Village representatives had attempted to conduct a site visit to the property at issue, located at 153 & 163 Corey Acres Road in North Bennington, to confirm alleged efforts by Respondents to bring the property into conformance with the Village's Zoning Bylaws, but that the Respondents had refused to allow access. The Court indicated at that time, on the record, that it would treat counsel's report as an oral motion to compel and would allow Respondents to respond. Respondents filed a Memorandum in Opposition on June 20, 2024. During a subsequent status conference, on August 12, 2024, the Court asked counsel for the parties to continue their discussions regarding the site visit in an effort to resolve their differences, and then to report back to the Court. The parties have been unable to resolve their dispute regarding the site visit and the Plaintiff, by filing submitted August 23, 2023, has asked the Court for a ruling on its (oral) motion for site inspection.

Plaintiff states that a site inspection is expressly authorized by V.R.C.P. 34 and is necessary to craft an appropriate remedy and to facilitate settlement discussions. Plaintiff also argues that the Village's Zoning Administrator, Chris Damon, who is also a neighboring property owner to Respondents, should be permitted to attend the site visit. Respondents state that the alleged zoning violations, and presumably, their efforts to cure them, may be observed from Corey Acres Road and that access to their private property is not necessary. They also assert that Mr. Damon has a conflict of interest and should not attend any site visit to their property. Respondents have proposed that if a site visit is to occur, it should be subject to certain conditions, including a condition strongly discouraging (if not prohibiting) Mr. Damon from participating in the site visit. Plaintiff is willing to accept some, but not all, of Respondents' conditions and states that Mr. Damon must be allowed to participate in the site visit as the Village's statutory representative.

Under Rule 34(a) of the Vermont Rules of Civil Procedure, made applicable in this Court by V.R.E.C.P. 5(a)(2), any party may serve on any other party a request "(2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." V.R.C.P. 34(a). Rule 34 specifies procedures for requests to enter and inspect, with the fundamental premise being reasonableness — "the request shall specify a reasonable time, place and manner of making the inspection and performing the related acts." Respondents here have not objected to the procedures used by the Plaintiff to seek access to the property for inspection purposes. Their principal objection is that there is no reasonable need for the Plaintiff to enter their property because the violations alleged in the complaint may be viewed from the road.

The Court disagrees with Respondents. While it may be true that certain of the alleged violations (and the purported cures thereof) are visible from Corey Acres Road, other allegedly violative conditions/activities, including alleged violations involving the fence along the property line and unpermitted land development activities (i.e., earth work/excavation/grading), are located some distance from the roadway and require closer inspection. The Court concludes that reasonable need exists for the site visit and that such site visit, for the reasons stated by the Plaintiff, is relevant to this enforcement proceeding and otherwise within the scope of Rule 26(b). Therefore, Plaintiff's motion to compel a site visit is **GRANTED**. However, in conducting a site visit, the Plaintiff shall: (1) schedule the visit at a reasonable time and in a reasonable manner; (2) confine its entry/inspection to the areas of Respondents' property(ies) and the violations identified in the complaint; and (3) confine its entry/inspection to the exterior of buildings. As part of its inspection, the Plaintiff may reasonably measure, survey and photograph the property/violations at issue, within the scope of V.R.C.P. 26(b).

Regarding Mr. Damon's participation in the site visit, the Court understands that, to date, he has acted only in his capacity as the Village's duly appointed Zoning Administrator. As the Zoning Administrator, he is statutorily charged with administering the bylaws literally and with instituting in the name of the municipality any appropriate action, injunction or other proceeding to "prevent, restrain, correct, or abate" activities constituting a violation. 24 V.S.A. §§ 4448, 4452. While the Court understands that there could be circumstances in which a zoning administrator's personal interests could conflict with their professional responsibilities, or where bias or personal animus could be a factor in their decision-making, that has not been demonstrated by Respondents through their objections to Mr. Damon's participation in the site visit.[1] If this matter results in a de novo merits hearing, Respondents are free to explore any assertions of conflict or bias that they may have on cross-examination of Mr. Damon, who will undoubtedly testify. In the meantime, he may participate in the site visit and shall make every effort to do so in a reasonable and cooperative manner that minimizes potential conflict. SO ORDERD.

Electronically signed on September 11, 2024, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[1] While Respondents have not provided the Court with a sufficient factual or legal basis for it to prohibit Mr. Damon from participating in the site visit, Mr. Damon may wish to consult any applicable conflict of interest policy that the Village has adopted and/or Act 171 of 2024 to evaluate whether, as a neighboring property owner, he has an actual or perceived direct or indirect personal conflict of interest sufficient for him to recuse himself from (or, if recusal is not practical, to minimize his involvement in) the site visit and/or other aspects of this zoning enforcement action.